### FOX v. WOODS.

#### (Supreme Court, Appellate Term. June 26, 1905.)

SALES—CONTRACT—BREACH—DAMAGES—TRIAL—DIRECTION OF VERDICT.

Defendant agreed to buy from plaintiff certain household furniture and the unexpired term of a lease for $1,000, payable $200 down, and the balance on September 15, 1904, and to pay $150 deposited by plaintiff as security for the last month's rent, and one-half of the September rent, paid to the landlord in advance. Defendant paid the $200, but after plaintiff had prepared to move, and secured a van and labor to move the furniture not sold, defendant repudiated the contract, and demanded a return of the $200, which plaintiff refused to return, and brought suit to recover $420.50. *Held* that, on proof of such facts, it was error for the court to direct a verdict for plaintiff for the expenditure of the van and labor, and to withdraw from the jury the other items of damage.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Nettie Fox against Lucy A. Woods. From a judgment in favor of plaintiff for less than the relief demanded, she appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Josiah Canter, for appellant.

Wray & Callaghan, for respondent.

MacLEAN, J. Through a broker, the defendant on August 21, 1904, agreed to buy from the plaintiff certain household furniture and the unexpired term of a lease of the premises 160 West Forty-Sixth street for $1,000, payable $200 down, and the balance, $800, on September 15th, when possession was to be given. She was also to pay $150, deposited by the plaintiff as security for the last month's rental, and $75, being one-half of the September rent paid to the landlord in advance. The plaintiff rented rooms. The defendant was to do the like, and said that, as she had arranged for her own lodgers and boarders, she desired that the plaintiff empty the rooms; promising to make good the loss on taking possession.

Dissuaded apparently by her friends, the defendant, who had lately become a widow, did not carry out her agreement on the 15th; but on that day her attorney sent a letter saying that the contract for the sale and purchase was repudiated, with demand of the $200 theretofore paid. The plaintiff had prepared to carry out her agreement. She had had the rooms vacated at a loss, had expended money for labor to prepare for leaving, and had even secured a van for the removal of certain articles not sold. At the close of the case, the defendant offering no evidence, the plaintiff moved for a direction of a verdict for the full amount claimed, $420.50. This was denied, and the plaintiff excepted. Then the court directed a verdict for $27.25, the expenditure for the van and labor, disregarding the evidence of other items of damage, the consideration of which might not be taken away from the jury, whatever his own opinion of the evidence. The judgment must be reversed.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.